NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BRIAN TAYLOR a/k/a BRAS DOBANE,

*Plaintiff,*

v.

RANDALL L. STEVENSON, et al.,

*Defendants.*

Civil Action No. 19-18602

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

Plaintiff Brian Taylor seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. For the reasons discussed below, the Court **GRANTS** his application to proceed *in forma pauperis* but **DISMISSES** the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under Section

1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (internal quotations omitted).

Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

Plaintiff's Complaint states that he is bringing constitutional civil rights claims against the Chief Executive Officers of AT&T, Direct TV, and Warnermedia. Compl. at 6, D.E. 1. Plaintiff

alleges that he has been the subject of continuous surveillance since 2002 and that Defendants have overseen this surveillance. Plaintiff contends that this surveillance constitutes an invasion of his privacy. *Id.* at 7.

The Court construes Plaintiff's Complaint as bringing claims pursuant to 42 U.S.C. § 1983, which provides individuals with a cause of action for certain violations of constitutional rights. *See* 42 U.S.C. § 1983. In order to state claim under Section 1983, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J. Apr. 14, 2015). "There is no liability under § 1983 for those not acting under color of law." *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). "Section 1983, thus, protects against constitutional violations by the State, but 'not against wrongs done by individuals.'" *Surina v. S. River Bd. of Educ.*, No. 17-2173, 2018 WL 1327111, at *3 (D.N.J. Mar. 15, 2018) (quoting *United States v. Price*, 383 U.S. 787, 799 (1966)). In very limited circumstances, however, a private citizen or entity may be liable under Section 1983 if a plaintiff establishes "such a close nexus between the State and *the challenged action* that seemingly private behavior may be fairly treated as that of the State itself." *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 160 (3d Cir. 2017) (quoting *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005)). Plaintiff's Complaint provides no allegations that plausibly suggest that Defendants, who are private individuals, acted under color of state law to deny Plaintiff's constitutional rights. As a result, Plaintiff fails to state a Section 1983 claim.[1]

---

[1] As to Plaintiff's substantive allegations, even if Defendants were state actors subject to Section 1983, Plaintiff's Complaint fails to plead any facts by which the Court could reasonably conclude that any constitutional violations occurred.

3

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Given Plaintiff's allegations, it appears that any attempt at amendment would be futile. However, because Plaintiff is proceeding *pro se* and this is the Court's initial screening, the Court will provide Plaintiff with one additional opportunity to file an amended complaint. Therefore, the Court provides Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein.

If Plaintiff is proceeding pursuant to a legal theory other than those discussed herein, he must set forth the basis for his claim and provide plausible factual allegations to support the claim. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty (30) days, the dismissal will then be with prejudice. A dismissal with prejudice means that Plaintiff will be precluded from filing any future suit against any present Defendant, concerning the allegations in the Complaint.

Accordingly, and for good cause shown,

IT IS on this 10th day of October, 2019,

**ORDERED** that pursuant to 28 U.S.C. § 1915(a), Plaintiff Brian L. Taylor's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to file the Complaint without prepayment of the filing fee; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED**; and it is further

4

**ORDERED** that Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies as set forth above. Failure to file an amended complaint within this time will result in the entire case being dismissed with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Opinion and Order to Plaintiff by regular mail and by certified mail return receipt.

_____
John Michael Vazquez, U.S.D.J.